DARRYL D. TAYLOR,                    )
                                     )
        Petitioner,                  )
                                     )
    v.                               )
                                     )    NOS.  2:11-CV-11
UNITED STATES OF AMERICA,            )         (2:08-CR-88)
                                     )
        Respondent.                  )


## OPINION AND ORDER

This matter is before the Court on the Motion Under 28 U.S.C § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (DE #517) filed by Defendant, Darryl D. Taylor, on January 6, 2011. For the reasons set forth below, this motion is **DENIED**.


BACKGROUND

Defendant, Darryl D. Taylor ("Taylor"), was charged with one count of conspiracy to possess with intent to distribute and distribute methamphetamine. On September 11, 2009, Taylor entered into a plea agreement with the Government, whereby Taylor agreed to plead guilty to the above charge and also to waive his right to appeal the conviction and sentence imposed, including the right to contest any claim of ineffective assistance of counsel unless the claimed ineffective assistance of counsel related directly to the waiver or its negotiation. In exchange, the Government agreed to

make a non-binding recommendation to the Court that Taylor be sentenced to the ten year minimum mandatory sentence. In addition, the Government agreed to withdraw its previously filed information regarding enhanced penalties under 21 U.S.C. section 851.

A change of plea hearing took place on September 14, 2009. During that hearing, Taylor was placed under oath and stated that he was satisfied with the representation he had received by his counsel, Attorney William Padula. Additionally, Taylor confirmed that he understood and agreed to each of the terms of the plea agreement and that he wanted to plead guilty pursuant to the agreement with the Government. Taylor acknowledged numerous times that he understood the waiver of his right to appeal his conviction and sentence. When the Court invited questions or requests for clarification from Taylor, on multiple occasions, he indicated that he had none. On January 11, 2010, Taylor was sentenced to ten years incarceration, to be followed by five years of supervised release.

Subsequently, Taylor filed the instant section 2255 petition arguing that his guilty plea and conviction were obtained in violation of his Sixth Amendment right to counsel because Attorney Padula failed to consult with him on major decisions in his case, failed to provide him with discovery in a timely manner, and failed to request a continuance so that Taylor could adequately review the tendered discovery documents. Additionally, Taylor argues that Attorney Padula failed to "make a reasonable investigation" in that

he failed to note that "the U.S. Governments [sic] witnesses change their 'statements' many times during their proffers" and in that he also failed to review a Kansas traffic stop that led to government agents questioning Taylor regarding the sale and manufacture of narcotics. Taylor argues that Attorney Padula "had not only the right but the duty to subpoena the traffic stop which he did not accomplish." Taylor contends that Attorney Padula "did not follow up with any of the information that [Taylor] provided him which clearly discredit[ed] the indivuals [sic] that the U.S. Government used to give proffers." Finally, Taylor argues that Attorney Padula "also did not contest the amount of time that the U.S. Government took from the time of [his] initial arrest and period of incarceration to [his] final sentencing" which Taylor argues violated the Speedy Trial Act. The Government posits that Taylor waived any rights to appeal his conviction or sentence and thus his section 2255 petition is barred by the appellate waiver contained in his plea agreement. Taylor Disagrees.


DISCUSSION

Section 2255 Petition

Habeas corpus relief under 28 U.S.C. section 2255 is reserved for "extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). In order to proceed on a habeas corpus petition pursuant to 28 U.S.C. section 2255, a federal prisoner

must show that the district court sentenced him in violation of the Constitution or laws of the United States, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. *Id.*

In assessing Taylor's motion, the Court is mindful of the well-settled principle that, when interpreting a *pro se* petitioner's complaint or section 2255 motion, district courts have a "special responsibility" to construe such pleadings liberally. *Donald v. Cook County Sheriff's Dep't.*, 95 F.3d 548, 555 (7th Cir. 1996); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (a "pro se complaint, 'however inartfully pleaded' must be held to 'less stringent standards than formal pleadings drafted by lawyers'") (quoting *Haines v. Kerner*, 404 U.S. 519 (1972)); *Brown v. Roe*, 279 F.3d 742, 746 (9th Cir. 2002) ("pro se habeas petitioners are to be afforded 'the benefit of any doubt'") (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)).  In other words:

> The mandated liberal construction afforded to pro se pleadings "means that if the court can reasonably read the pleadings to state a valid claim on which the [petitioner] could prevail, it should do so despite the [petitioner's] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."

*Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999) (habeas petition from state court conviction) (alterations in original) (quoting *Hall  v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

On the other hand, "a district court should not 'assume the role of advocate for the pro se litigant' and may 'not rewrite a petition to include claims that were never presented.'" *Id.*

Preclusive Effect of Plea Agreement Waiver

Taylor's plea agreement contained an appeal waiver, where Taylor agreed to waive appeal of his conviction or sentence. A waiver is the intentional relinquishment or abandonment of a known right. *United States v. Sumner*, 265 F.3d 532, 537 (7th Cir. 2001). The Seventh Circuit has held that a waiver to file a section 2255 petition contained in a plea agreement is enforceable only if it is: (1) knowing and voluntary and (2) if the defendant cannot establish a claim for ineffective assistance of counsel in connection with negotiating the agreement. *Mason v. United States*, 211 F.3d 1065 (7th Cir. 2000); *Jones v. United States,* 167 F.3d 1142 (7th Cir. 1999). As such, it must be determined if Taylor made a knowing and voluntary waiver and whether he has established a claim for ineffective assistance of counsel in connection with negotiating the agreement.

Taylor entered into the plea
agreement knowingly and voluntarily

Courts enforce a plea agreement's appellate and collateral attack waiver "if its terms are clear and unambiguous and the record shows that the defendant knowingly and voluntarily entered

into the agreement." *U.S. v. Blinn*, 490 F.3d 586, 588 (7th Cir. 2007). Courts may consider a defendant's signature on the plea agreement and his statements during the plea colloquy as evidence of a knowing and voluntary waiver. *United States v. Jemison*, 237 F.3d 911, 917-18 (7th Cir. 2001).

Taylor's plea agreement contained the following waiver provision:

> I understand that the law gives a convicted person the right to appeal the conviction and the sentence imposed; I also understand that no one can predict the precise sentence that will be imposed, and that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for my offense as set forth in this plea agreement; with this understanding and in consideration of the government's entry into this plea agreement, I expressly waive my right to appeal or to contest my conviction and my sentence or the manner in which my conviction or my sentence was determined or imposed, to any Court on any ground, including any claim of ineffective assistance of counsel unless the claimed ineffective assistance of counsel relates directly to this waiver or its negotiation, including any appeal under Title 18, United States Code, Section 3742 or any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255.

(DE 331 at 4).

Notably, Taylor and his lawyer both signed the plea agreement. (Change of Plea Hearing Transcript at 3-4.) Taylor read the waiver provision. (*Id.* at 9-10.) Upon questioning from the Court, Taylor agreed under oath that he understood it, agreed with it, and was

giving up his rights knowingly and voluntarily. (*Id.* at 9-10, 23.)
He also agreed that no one had forced him to sign it. (*Id.* at 23.)
During the change of plea hearing, Taylor acknowledged that he was
waiving his right to file any later petition challenging his
conviction or sentence. (*Id.* at 23). He further indicated he has
no questions about the waiver. (Id.)

Following the Court's careful explanation of the consequences
of the plea, Taylor set forth a factual basis for his guilty plea,
agreed with the prosecution version of the facts, and pleaded
guilty. (*Id.* 32-47.) The Court then found that the plea was
entered knowingly and voluntarily and supported by an independent
basis in fact containing each of the essential elements of the
offense. (*Id.* at 47.)

From this evidence, the Court is satisfied that the appeal
waiver is enforceable. *See United States v. Jemison*, 237 F.3d 911,
917 (7th Cir. 2001). Because Taylor knowingly and voluntarily
entered into the plea agreement, and because all of its provisions
– including the waivers – were explained to him at the change-of-
plea hearing without any requests for further clarification or
disagreement, he is bound by it.

Taylor has not made a valid claim
of ineffective assistance of counsel
<u>in connection with negotiating the agreement</u>

Given this Court's finding that the waiver provisions in his
plea agreement is enforceable, Taylor's section 2255 petition must

fail unless Taylor points directly to ineffective negotiation that would have rendered the entire plea agreement invalid or fundamentally unfair for the Court to enforce. Taylor argues that Attorney Padula failed in several respects but, notably, he fails to reference any deficiencies in Padula's negotiation of the actual plea agreement. Indeed, Taylor fails to make *any* reference to the plea agreement negotiations themselves. Because Taylor failed to do so, his section 2255 petition fails. Taylor's failure to indicate how or even if Attorney Padula was ineffective in negotiating the plea agreement is fatal to his claim.

Even if Taylor's motion is somehow construed as containing an allegation that Attorney Padula was ineffective in his negotiation of the plea agreement, his claim would fail. Because counsel is presumed effective, a defendant bears a heavy burden in proving that his attorney rendered ineffective assistance. *United States v. Guerrero*, 938 F.2d 725, 727 (7th Cir. 1991). "Only if the petitioner comes forward with 'specific acts or omissions of his counsel that constitute ineffective assistance' will [the Court] then consider 'whether these acts or omissions were made outside the wide range of professionally competent assistance.'" *Hutchings v. Unites States*, 618 F.3d 693, 697 (7th Cir. 2010) (citing *Berkey v. United States*, 318 F.3d 768 (7th Cir. 2003). A claim for ineffective assistance of counsel can only prevail if the defendant satisfies the test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Under this test, the defendant must show: (1) that the

attorney's representation fell well below an objective standard of reasonableness (performance prong) and (2) that there exists a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different (prejudice prong). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the case. *Strickland*, 466 U.S. at 694. Thus, "[t]o establish prejudice in the pleading context, the petitioner must prove that there is a reasonable probability that he would not have pled guilty absent his attorney's deficient conduct." *Hutchings* at 697. To do so, petitioner must come forward with objective evidence that he would not have so pled. *Id*. Thus, even in the absence of a valid, enforceable waiver, and even if Attorney Padula's performance had been deficient, Taylor's petition would nevertheless fail because Taylor does not sufficiently allege prejudice; Taylor never contends that but for Attorney Padula's actions in representing him, he would not have pled guilty pursuant to the plea agreement.


CONCLUSION

For the reasons set forth above, this motion is **DENIED**.

**DATED: January 30, 2012**           /s/RUDY LOZANO, Judge
                                      **United States District Court**